Filing # 48129551 E-Filed 10/26/2016 03:15:31 PM

**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,**
**IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**
**CIVIL DIVISION**

ZIECHA NORWILLO, as surviving
spouse and as Personal Representative
of the Estate of FRANCIS NORWILLO,
and MICHAEL DOUGHERTY,

      Plaintiffs,

v.

PURPLE SHOVEL, LLC,
SKYBRIDGE TACTICAL, LLC,
SKYBRIDGE RESOURCES, LLC,
REGULUS GLOBAL LLC,  and
REGULUS GLOBAL INC.,

      Defendants.

Case No.:_____

Division:_____

_____/

## COMPLAINT

Plaintiffs, ZIECHA NORWILLO, individually and as the Personal Representative of the Estate of FRANCIS NORWILLO, deceased, and MICHAEL DOUGHERTY, sue Defendants PURPLE SHOVEL, LLC; SKYBRIDGE TACTICAL, LLC; SKYBRIDGE RESOURCES, LLC; REGULUS GLOBAL LLC, and REGULUS GLOBAL INC., and state:

### PARTIES AND VENUE

1.    This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00) exclusive of interest, costs and attorneys' fees.

2.    At all material times, Plaintiff ZIECHA NORWILLO ("Mrs. Norwillo") was married to Francis Norwillo and they resided together in Fairview, Texas.

3.    Pursuant to Florida's Wrongful Death Act, Mr. Norwillo's survivors and the beneficiaries of the recovery in this action, in addition to his estate, is his spouse Mrs. Norwillo.

1


EXHIBIT
*B*

4.     At all material times, Plaintiff MICHAEL DOUGHERTY ("Mr. Dougherty") was a resident of Fort Walton, Okaloosa County, Florida.

5.     At all material times, PURPLE SHOVEL, LLC ("Purple Shovel") is a Florida for Profit Limited Liability Company, with its principal place of business at 4100 W. Kennedy Blvd, Suite 213 and doing business in the state of Florida for which it received revenue, and has a registered agent for service of process in Florida, to wit: The Law Office of Leighton J. Hyde, P.A., 4100 W. Kennedy Blvd #213, Tampa, Florida 33609.

6.     Defendant, SKYBRIDGE TACTICAL, LLC ("Skybridge Tactical") is a Florida for Profit Limited Liability Company with its principal place of business at 1715 North Westshore Blvd., Suite 320, Tampa, FL 33607 and doing business in the state of Florida for which it received revenue, and has a registered agent for service of process in Florida, to wit: Stephen Rumbley, 1715 North Westshore Blvd., Suite 320, Tampa, FL 33607.

7.     Defendant, SKYBRIDGE RESOURCES, LLC ("Skybridge Resources") is a Florida for Profit Limited Liability Company with its principal place of business at 1715 North Westshore Blvd., Suite 320, Tampa, FL 33607 and doing business in the state of Florida for which it received revenue, and has a registered agent for service of process in Florida, to wit: Randall Bahlow at 1715 North Westshore Blvd., Suite 320, Tampa, FL 33607.

8.     Defendant, REGULUS GLOBAL LLC ("Regulus Global LLC") is a Virginia for profit Limited Liability Corporation that is headquartered at 1528 Taylor Farm Rd., Suite 105, Virginia Beach, VA 23453 and doing business in the state of Florida for which it received revenue. Regulus Global LLC may be served through its registered agent, John M. Paris, Jr. at 22 Central Park Ave., Suite 1700, Virginia Beach, VA 23462.

2

9.     Defendant, REGULUS GLOBAL INC., ("Regulus Global Inc.") is a Virginia for profit corporation that is headquartered at 1528 Taylor Farm Rd., Suite 105, Virginia Beach, VA 23453 and doing business in the state of Florida for which it received revenue. Regulus Global Inc. may be served through its registered agent, William M. Somerindyke, Jr. at 1528 Taylor Farm Rd., Suite 105, Virginia Beach, VA 23453.

10.    One or more of the Defendants are residents of or maintain offices and conduct business in Hillsborough County, Florida.

11.    Venue is proper in this County because at least one Defendant resides in this County. *See* FLA. STAT. § 47.021; *see also id.* at § 47.051.

12.    This Court has personal jurisdiction over Defendants because at least one Defendant resides in this County, and upon information and belief a substantial portion of the acts or omissions that form the basis of this suit took place in this County. *See* FLA. STAT. § 48.193; *see also id.* at § 47.051.

## GENERAL FACTUAL ALLEGATIONS

13.    On June 6, 2015, Mr. Norwillo was handling a rocket-propelled grenade at a weapons range in Bulgaria located near the village of Anevo when the grenade suddenly exploded without warning.

14.    When the grenade exploded, Mr. Dougherty was standing next to Mr. Norwillo, using his phone to video record Mr. Norwillo.

15.    Mr. Norwillo was killed by the explosion.

16.    Mr. Dougherty was severely injured by the explosion.

17.    Defendants procured the rocket-propelled grenade that caused the explosion, among other weapons, for Mr. Norwillo and Mr. Dougherty to inspect.

3

18.     Defendants knew the grenade that exploded was manufactured along with several others over 30 years before in 1984 by a Bulgarian company rendering its shelf life expired from degraded and now defective components.

19.     Defendants knew that the U.S. Government had rejected the use of these same grenades because the grenades were defective, unstable and dangerous.

20.     Despite knowing the defective, unstable dangerous nature of the more than 30-year-old Bulgarian-manufactured grenades, Defendants knowingly and willfully procured the grenades and knowingly and willfully placed Mr. Norwillo and Mr. Dougherty in grave danger.

21.     After the incident, Defendants intentionally and knowingly misrepresented, hid, or tried to cover up the facts surrounding Mr. Norwillo's death from his surviving spouse, Mrs. Norwillo.

22.     All conditions precedent to the maintenance of this action have occurred, been waived, or have otherwise been fulfilled.

## CAUSES OF ACTION

### Count I

### Wrongful Death of Francis Norwillo Against Purple Shovel, LLC

23.     Plaintiff, Ziecha Norwillo, as personal representative of the Estate of Francis Norwillo, incorporates paragraphs 1-22 as if fully set forth herein.

24.     On the date of the explosion, and in the weeks and months leading up to the explosion, Purple Shovel owed Mr. Norwillo a non-delegable duty to exercise reasonable care in the procurement and handling of the Bulgarian grenades.

25.     Purple Shovel was negligent and breached this duty by procuring the defective and inherently dangerous Bulgarian grenades for Mr. Norwillo to inspect.

4

26.     As a direct and proximate result of the Purple Shovel's negligent acts or omissions, Francis Norwillo was killed.

27.     Further, Purple Shovel's acts or omissions were grossly negligent because Purple Shovel knew that the Bulgarian grenades presented clear and present danger that amounted to a more than normal or usual peril, but still consciously disregarded the consequences by procuring the defective and dangerous Bulgarian grenades for Norwillo and Dougherty to inspect.

28.     As a direct and proximate result of Purple Shovel's negligence, the Estate of Francis Norwillo incurred damages, including, but not limited to, funeral expenses and loss of net accumulations due to his death.

29.     As a direct and proximate result of Purple Shovel's negligence, Mrs. Norwillo, as the surviving spouse, suffered damages including, but not limited to, lost support and services, loss of companionship and protection, and mental pain and suffering as a result of Mr. Norwillo's death.

WHEREFORE, Mrs. Norwillo, as personal representative of Mr. Norwillo's Estate, demands judgment against Purple Shovel for damages, plus appropriate interest, costs, and such other relief as this Court deems just and proper.

### Count II

### Wrongful Death of Francis Norwillo Against Skybridge Tactical, LLC

30.     Plaintiff, Ziecha Norwillo, as personal representative of the Estate of Francis Norwillo, incorporates paragraphs 1-22 as if fully set forth herein.

31.     On the date of the explosion, and in the weeks and months leading up to the explosion, Skybridge Tactical owed Mr. Norwillo a non-delegable duty to exercise reasonable care in the procurement and handling of the Bulgarian grenades.

32.     Skybridge Tactical was negligent and breached this duty by procuring the defective and inherently dangerous Bulgarian grenades for Mr. Norwillo to inspect.

33.     As a direct and proximate result of the Skybridge Tactical's negligent acts or omissions, Francis Norwillo was killed.

34.     Further, Skybridge Tactical's acts or omissions were grossly negligent because Skybridge Tactical knew that the Bulgarian grenades presented clear and present danger that amounted to a more than normal or usual peril, but still consciously disregarded the consequences by procuring the defective and dangerous Bulgarian grenades for Norwillo and Dougherty to inspect.

35.     As a direct and proximate result of Skybridge Tactical's negligence, the Estate of Francis Norwillo incurred damages, including, but not limited to, funeral expenses and loss of net accumulations due to his death.

36.     As a direct and proximate result of Skybridge Tactical's negligence, Mrs. Norwillo, as the surviving spouse, suffered damages including, but not limited to, lost support and services, loss of companionship and protection, and mental pain and suffering as a result of Mr. Norwillo's death.

WHEREFORE, Mrs. Norwillo, as personal representative of Mr. Norwillo's Estate, demands judgment against Skybridge Tactical for damages, plus appropriate interest, costs, and such other relief as this Court deems just and proper.

### Count III

### Wrongful Death of Francis Norwillo Against Skybridge Resources, LLC

37.     Plaintiff, Ziecha Norwillo, as personal representative of the Estate of Francis Norwillo, incorporates paragraphs 1-22 as if fully set forth herein.

6

38.     On the date of the explosion, and in the weeks and months leading up to the explosion, Skybridge Resources owed Mr. Norwillo a non-delegable duty to exercise reasonable care in the procurement and handling of the Bulgarian grenades.

39.     Skybridge Resources was negligent and breached this duty by procuring the defective and inherently dangerous Bulgarian grenades for Mr. Norwillo to inspect.

40.     As a direct and proximate result of the Skybridge Resources' negligent acts or omissions, Francis Norwillo was killed.

41.     Further, Skybridge Resources' acts or omissions were grossly negligent because Skybridge Resources knew that the Bulgarian grenades presented clear and present danger that amounted to a more than normal or usual peril, but still consciously disregarded the consequences by procuring the defective and dangerous Bulgarian grenades for Norwillo and Dougherty to inspect.

42.     As a direct and proximate result of Skybridge Resources' negligence, the Estate of Francis Norwillo incurred damages, including, but not limited to, funeral expenses and loss of net accumulations due to his death.

43.     As a direct and proximate result of Skybridge Resources' negligence, Mrs. Norwillo, as the surviving spouse, suffered damages including, but not limited to, lost support and services, loss of companionship and protection, and mental pain and suffering as a result of Mr. Norwillo's death.

WHEREFORE, Mrs. Norwillo, as personal representative of Mr. Norwillo's Estate, demands judgment against Skybridge Resources for damages, plus appropriate interest, costs, and such other relief as this Court deems just and proper.

7

## Count IV

### Wrongful Death of Francis Norwillo Against Regulus Global LLC

44.    Plaintiff, Ziecha Norwillo, as personal representative of the Estate of Francis Norwillo, incorporates paragraphs 1-22 as if fully set forth herein.

45.    On the date of the explosion, and in the weeks and months leading up to the explosion, Regulus Global LLC owed Mr. Norwillo a non-delegable duty to exercise reasonable care in the procurement and handling of the Bulgarian grenades.

46.    Regulus Global LLC was negligent and breached this duty by procuring the defective and inherently dangerous Bulgarian grenades for Mr. Norwillo to inspect.

47.    As a direct and proximate result of the Regulus Global LLC's negligent acts or omissions, Francis Norwillo was killed.

48.    Further, Regulus Global LLC's acts or omissions were grossly negligent because Regulus Global LLC knew that the Bulgarian grenades presented clear and present danger that amounted to a more than normal or usual peril, but still consciously disregarded the consequences by procuring the defective and dangerous Bulgarian grenades for Norwillo and Dougherty to inspect.

49.    As a direct and proximate result of Regulus Global LLC's negligence, the Estate of Francis Norwillo incurred damages, including, but not limited to, funeral expenses and loss of net accumulations due to his death.

50.    As a direct and proximate result of Regulus Global LLC's negligence, Mrs. Norwillo, as the surviving spouse, suffered damages including, but not limited to, lost support and services, loss of companionship and protection, and mental pain and suffering as a result of Mr. Norwillo's death.

8

WHEREFORE, Mrs. Norwillo, as personal representative of Mr. Norwillo's Estate, demands judgment against Regulus Global LLC for damages, plus appropriate interest, costs, and such other relief as this Court deems just and proper.

## Count V

### Wrongful Death of Francis Norwillo Against Regulus Global Inc.

51. Plaintiff, Ziecha Norwillo, as personal representative of the Estate of Francis Norwillo, incorporates paragraphs 1-22 as if fully set forth herein.

52. On the date of the explosion, and in the weeks and months leading up to the explosion, Regulus Global Inc. owed Mr. Norwillo a non-delegable duty to exercise reasonable care in the procurement and handling of the Bulgarian grenades.

53. Regulus Global Inc. was negligent and breached this duty by procuring the defective and inherently dangerous Bulgarian grenades for Mr. Norwillo to inspect.

54. As a direct and proximate result of the Regulus Global Inc.'s negligent acts or omissions, Francis Norwillo was killed.

55. Further, Regulus Global Inc.'s acts or omissions were grossly negligent because Regulus Global Inc.'s knew that the Bulgarian grenades presented clear and present danger that amounted to a more than normal or usual peril, but still consciously disregarded the consequences by procuring the defective and dangerous Bulgarian grenades for Norwillo and Dougherty to inspect.

56. As a direct and proximate result of Regulus Global Inc.'s negligence, the Estate of Francis Norwillo incurred damages, including, but not limited to, funeral expenses and loss of net accumulations due to his death.

9

57.    As a direct and proximate result of Regulus Global Inc.'s negligence, Mrs. Norwillo, as the surviving spouse, suffered damages including, but not limited to, lost support and services, loss of companionship and protection, and mental pain and suffering as a result of Mr. Norwillo's death.

WHEREFORE, Mrs. Norwillo, as personal representative of Mr. Norwillo's Estate, demands judgment against Regulus Global Inc. for damages, plus appropriate interest, costs, and such other relief as this Court deems just and proper.

<u>Count VI</u>

**Ziecha Norwillo's Claims for Intentional Infliction of Emotional Distress
<u>Against Purple Shovel, LLC</u>**

58.    Plaintiff, Ziecha Norwillo, incorporates paragraphs 1-29 as if fully set forth herein.

59.    After Mr. Norwillo was killed, Purple Shovel misrepresented, hid, and covered up the facts surrounding his death from his surviving spouse, Ziecha Norwillo.

60.    Purple Shovel continues to intentionally and recklessly misrepresent, hide, and cover up the facts surrounding Mr. Norwillo's death.

61.    Purple Shovel knew that misrepresenting and covering up the facts surrounding Mr. Norwillo's death has caused, and continues to cause, Ziecha Norwillo severe emotional distress.

62.    Purple Shovel's conduct is outrageous and goes beyond all bounds of decency.

63.    As a direct and proximate result of Purple Shovel's conduct, Ziecha Norwillo has suffered severe emotional distress.

WHEREFORE, Mrs. Norwillo, individually, demands judgment against Purple Shovel for damages, plus appropriate interest, costs, and such other relief as this Court deems just and proper.

### Count VII

### Ziecha Norwillo's Claims for Intentional Infliction of Emotional Distress Against Skybridge Tactical, LLC

64.    Plaintiff, Ziecha Norwillo, incorporates paragraphs 1-29 as if fully set forth herein.

65.    After Mr. Norwillo was killed, Skybridge Tactical misrepresented, hid, and covered up the facts surrounding his death from his surviving spouse, Ziecha Norwillo.

66.    Skybridge Tactical continues to intentionally and recklessly misrepresent, hide, and cover up the facts surrounding Mr. Norwillo's death.

67.    Skybridge Tactical knew that misrepresenting and covering up the facts surrounding Mr. Norwillo's death has caused, and continues to cause, Ziecha Norwillo severe emotional distress.

68.    Skybridge Tactical's conduct is outrageous and goes beyond all bounds of decency.

69.    As a direct and proximate result of Skybridge Tactical's conduct, Ziecha Norwillo has suffered severe emotional distress.

WHEREFORE, Mrs. Norwillo, individually, demands judgment against Skybridge Tactical for damages, plus appropriate interest, costs, and such other relief as this Court deems just and proper.

## Count VIII

### Ziecha Norwillo's Claims for Intentional Infliction of Emotional Distress
### Against Skybridge Resources, LLC

70.     Plaintiff, Ziecha Norwillo, incorporates paragraphs 1-29 as if fully set forth herein.

71.     After Mr. Norwillo was killed, Skybridge Resources misrepresented, hid, and covered up the facts surrounding his death from his surviving spouse, Ziecha Norwillo.

72.     Skybridge Resources continues to intentionally and recklessly misrepresent, hide, and cover up the facts surrounding Mr. Norwillo's death.

73.     Skybridge Resources knew that misrepresenting and covering up the facts surrounding Mr. Norwillo's death has caused, and continues to cause, Ziecha Norwillo severe emotional distress.

74.     Skybridge Resources' conduct is outrageous and goes beyond all bounds of decency.

75.     As a direct and proximate result of Skybridge Resources' conduct, Ziecha Norwillo has suffered severe emotional distress.

WHEREFORE, Mrs. Norwillo, individually, demands judgment against Skybridge Resources for damages, plus appropriate interest, costs, and such other relief as this Court deems just and proper.

## Count IX

### Ziecha Norwillo's Claims for Intentional Infliction of Emotional Distress
### Against Regulus Global LLC

76.     Plaintiff, Ziecha Norwillo, incorporates paragraphs 1-29 as if fully set forth herein.

12

77.     After Mr. Norwillo was killed, Regulus Global LLC misrepresented, hid, and covered up the facts surrounding his death from his surviving spouse, Ziecha Norwillo.

78.     Regulus Global LLC continues to intentionally and recklessly misrepresent, hide, and cover up the facts surrounding Mr. Norwillo's death.

79.     Regulus Global LLC knew that misrepresenting and covering up the facts surrounding Mr. Norwillo's death has caused, and continues to cause, Ziecha Norwillo severe emotional distress.

80.     Regulus Global LLC's conduct is outrageous and goes beyond all bounds of decency.

81.     As a direct and proximate result of Regulus Global LLC's conduct, Ziecha Norwillo has suffered severe emotional distress.

WHEREFORE, Mrs. Norwillo, individually, demands judgment against Regulus Global LLC for damages, plus appropriate interest, costs, and such other relief as this Court deems just and proper.

### Count X

**Ziecha Norwillo's Claims for Intentional Infliction of Emotional Distress**
**Against Regulus Global Inc.**

82.     Plaintiff, Ziecha Norwillo, incorporates paragraphs 1-29 as if fully set forth herein.

83.     After Mr. Norwillo was killed, Regulus Global Inc. misrepresented, hid, and covered up the facts surrounding his death from his surviving spouse, Ziecha Norwillo.

84.     Regulus Global Inc. continues to intentionally and recklessly misrepresent, hide, and cover up the facts surrounding Mr. Norwillo's death.

13

85.    Regulus Global Inc. knew that misrepresenting and covering up the facts surrounding Mr. Norwillo's death has caused, and continues to cause, Ziecha Norwillo severe emotional distress.

86.    Regulus Global Inc.'s conduct is outrageous and goes beyond all bounds of decency.

87.    As a direct and proximate result of Regulus Global Inc.'s conduct, Ziecha Norwillo has suffered severe emotional distress.

WHEREFORE, Mrs. Norwillo, individually, demands judgment against Regulus Global Inc. for damages, plus appropriate interest, costs, and such other relief as this Court deems just and proper.

## Count XI

### Michael Dougherty's Claims for Negligence & Gross Negligence
### Against Purple Shovel, LLC

88.    Plaintiff, Michael Dougherty, incorporates paragraphs 1-22 as if fully set forth herein.

89.    On the date of the explosion, and in the weeks and months leading up to the explosion, Purple Shovel owed Mr. Dougherty a non-delegable duty to exercise reasonable care in the procurement and handling of the Bulgarian grenades.

90.    Purple Shovel was negligent and breached this duty by procuring the defective and inherently dangerous Bulgarian grenades for Mr. Dougherty to inspect.

91.    Further, Purple Shovel's acts or omissions were grossly negligent because Purple Shovel knew that the Bulgarian grenades presented clear and present danger that amounted to a more than normal or usual peril, but still consciously disregarded the consequences by

14

procuring the defective and dangerous Bulgarian grenades for Norwillo and Dougherty to inspect.

92.     As a direct and proximate result of the Purple Shovel's negligent acts or omissions, Mr. Dougherty suffered severe and permanent injuries, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of medical care and treatment, loss of earnings, and loss of ability to earn money. The losses are permanent and continuing.

WHEREFORE Mr. Dougherty demands judgment against Purple Shovel for damages, plus appropriate interest, costs, and such other relief as this Court deems just and proper.

## Count XII

### Michael Dougherty's Claims for Negligence & Gross Negligence
### Against Skybridge Tactical, LLC

93.     Plaintiff, Michael Dougherty, incorporates paragraphs 1-22 as if fully set forth herein.

94.     On the date of the explosion, and in the weeks and months leading up to the explosion, Skybridge Tactical owed Mr. Dougherty a non-delegable duty to exercise reasonable care in the procurement and handling of the Bulgarian grenades.

95.     Skybridge Tactical was negligent and breached this duty by procuring the defective and inherently dangerous Bulgarian grenades for Mr. Dougherty to inspect.

96.     Further, Skybridge Tactical's acts or omissions were grossly negligent because Skybridge Tactical knew that the Bulgarian grenades presented clear and present danger that amounted to a more than normal or usual peril, but still consciously disregarded the

consequences by procuring the defective and dangerous Bulgarian grenades for Norwillo and Dougherty to inspect.

97.     As a direct and proximate result of the Skybridge Tactical's negligent acts or omissions, Mr. Dougherty suffered severe and permanent injuries, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of medical care and treatment, loss of earnings, and loss of ability to earn money. The losses are permanent and continuing.

WHEREFORE Mr. Dougherty demands judgment against Skybridge Tactical for damages, plus appropriate interest, costs, and such other relief as this Court deems just and proper.

## Count XIII

### Michael Dougherty's Claims for Negligence & Gross Negligence Against Skybridge Resources, LLC

98.     Plaintiff, Michael Dougherty, incorporates paragraphs 1-22 as if fully set forth herein.

99.     On the date of the explosion, and in the weeks and months leading up to the explosion, Skybridge Resources owed Mr. Dougherty a non-delegable duty to exercise reasonable care in the procurement and handling of the Bulgarian grenades.

100.    Skybridge Resources was negligent and breached this duty by procuring the defective and inherently dangerous Bulgarian grenades for Mr. Dougherty to inspect.

101.    Further, Skybridge Resources' acts or omissions were grossly negligent because Skybridge Resources knew that the Bulgarian grenades presented clear and present danger that amounted to a more than normal or usual peril, but still consciously disregarded the

consequences by procuring the defective and dangerous Bulgarian grenades for Norwillo and Dougherty to inspect.

102.   As a direct and proximate result of the Skybridge Resources' negligent acts or omissions, Mr. Dougherty suffered severe and permanent injuries, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of medical care and treatment, loss of earnings, and loss of ability to earn money. The losses are permanent and continuing.

WHEREFORE Mr. Dougherty demands judgment against Skybridge Resources for damages, plus appropriate interest, costs, and such other relief as this Court deems just and proper.

<b><u>Count XIV</u></b>

<b>Michael Dougherty's Claims for Negligence & Gross Negligence<br><u>Against Regulus Global LLC</u></b>

103.   Plaintiff, Michael Dougherty, incorporates paragraphs 1-22 as if fully set forth herein.

104.   On the date of the explosion, and in the weeks and months leading up to the explosion, Regulus Global LLC owed Mr. Dougherty a non-delegable duty to exercise reasonable care in the procurement and handling of the Bulgarian grenades.

105.   Regulus Global LLC was negligent and breached this duty by procuring the defective and inherently dangerous Bulgarian grenades for Mr. Dougherty to inspect.

106.   Further, Regulus Global LLC's acts or omissions were grossly negligent because Regulus Global LLC knew that the Bulgarian grenades presented clear and present danger that amounted to a more than normal or usual peril, but still consciously disregarded the

17

consequences by procuring the defective and dangerous Bulgarian grenades for Norwillo and Dougherty to inspect.

107.   As a direct and proximate result of the Regulus Global LLC's negligent acts or omissions, Mr. Dougherty suffered severe and permanent injuries, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of medical care and treatment, loss of earnings, and loss of ability to earn money. The losses are permanent and continuing.

WHEREFORE Mr. Dougherty demands judgment against Regulus Global LLC for damages, plus appropriate interest, costs, and such other relief as this Court deems just and proper.

### Count XV

#### Michael Dougherty's Claims for Negligence & Gross Negligence
#### Against Regulus Global Inc.

108.   Plaintiff, Michael Dougherty, incorporates paragraphs 1-22 as if fully set forth herein.

109.   On the date of the explosion, and in the weeks and months leading up to the explosion, Regulus Global Inc. owed Mr. Dougherty a non-delegable duty to exercise reasonable care in the procurement and handling of the Bulgarian grenades.

110.   Regulus Global Inc. was negligent and breached this duty by procuring the defective and inherently dangerous Bulgarian grenades for Mr. Dougherty to inspect.

111.   Further, Regulus Global Inc.'s acts or omissions were grossly negligent because Regulus Global Inc. knew that the Bulgarian grenades presented clear and present danger that amounted to a more than normal or usual peril, but still consciously disregarded the

consequences by procuring the defective and dangerous Bulgarian grenades for Norwillo and Dougherty to inspect.

112.    As a direct and proximate result of the Regulus Global Inc.'s negligent acts or omissions, Mr. Dougherty suffered severe and permanent injuries, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of medical care and treatment, loss of earnings, and loss of ability to earn money. The losses are permanent and continuing.

WHEREFORE Mr. Dougherty demands judgment against Regulus Global Inc. for damages, plus appropriate interest, costs, and such other relief as this Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury on all issues triable as a matter of right.

Respectfully submitted,

C. STEVE YERRID, ESQ.
Florida Bar # 207594
DAVID D. DICKEY, ESQ.
Florida Bar # 949019
DDickey@yerridlaw.com
THE YERRID LAW FIRM
101 East Kennedy Blvd., Suite 3900
Tampa, FL  33602
Telephone: (813) 222-8222
Facsimile:  (813) 222-8224
Service:  ddickey@yerridlaw.com
            csullivan@yerridlaw.com

-and-

Kurt B. Arnold — *Pro-Hac Vice anticipated*
Texas Bar No.: 24036150
karnold@arnolditkin.com

19

Caj. D. Boatright — *Pro-Hac Vice anticipated*
Texas Bar No.: 24036237
cboatright@arnolditkin.com
**ARNOLD & ITKIN LLP**
6009 Memorial Drive
Houston, Texas 77007
Telephone: 713.222.3800
Facsimile: 713.222.3850
*ATTORNEYS FOR PLAINTIFFS*